tion as signatory, plaintiff is entitled to be prepared before trial to make more than *prima facie* proof of his cause of action. He has the right to be prepared with all available proof to that end in anticipation of defendant's furnishing evidence controverting plaintiff's *prima facie* case. The order appealed from should be reversed and the motion granted in the respects specified in the order to be entered hereon. All concur. Present — Sears, P. J., Crouch, Taylor, Thompson and Crosby, JJ. Order reversed, with ten dollars costs and disbursements and motion granted in part, without costs.

Thomas J. Morrison, Respondent, *v.* John D. Mack and Others, Water Commissioners of North Gates Water District in the Town of Gates, Monroe County, New York, Appellants.

Per Curiam. The circulation of a petition for the formation of a water district does not require the services of an engineer. Consequently, even assuming without deciding that the reasonable expenses of the necessary proceedings on the organization of a water district (Town Law, § 284) include the expenses of circulating the petition, the plaintiff would not be entitled to have his professional position considered as bearing upon the value of the portion of his services relating to the circulation of the petition. In our judgment upon this record the value of all the services performed by the plaintiff chargeable against the district does not exceed the sum of $750. However, the statute authorizing actions against the commissioners of a water district limits such actions to those for a breach of a contract entered into by the water commissioners pursuant to article 13 of the Town Law (§ 287-b*). This action is not one of those specified in the statute. The defendants as water commissioners are, therefore, not subject to suit upon the plaintiff's demand against the district. The plaintiff's remedy is by mandamus. (*People ex rel. Farley v. Winkler*, 203 N. Y. 445.) All concur. Present — Sears, P. J., Crouch, Taylor, Thompson and Crosby, JJ. Judgment reversed on the law, with costs, and complaint dismissed, with costs.

The People of the State of New York ex rel. Edson J. Schuyler and Bertha M. Schuyler, Appellants, *v.* Town of Angelica, Respondent.— Judgment and order affirmed, with costs. All concur. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

Jesse G. W. Kreiss, Appellant, *v.* Jack Weafer, Respondent.— Order affirmed, with ten dollars costs and disbursements. All concur. Present — Sears, P. J., Crouch, Edgcomb, Thompson and Crosby, JJ.

The People of the State of New York, Respondent, *v.* Edward Rogacki,

* Added by Laws of 1928, chap. 498.— [Rep.

Appellant.— Judgment of conviction affirmed. All concur. Present — Sears, P. J., Crouch, Edgcomb, Thompson and Crosby, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD PRZYBYL, Appellant.— Judgment of conviction affirmed. All concur. Present — Sears, P. J., Crouch, Edgcomb, Thompson and Crosby, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM CYNER, Appellant.— Judgment of conviction affirmed. All concur. Present — Sears, P. J., Crouch, Edgcomb, Thompson and Crosby, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLINTON DUKE, Appellant.— Judgment of conviction affirmed. All concur. Present — Sears, P. J., Crouch, Edgcomb, Thompson and Crosby, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. STANLEY PRZYBYL, Appellant.— Judgment of conviction affirmed. All concur. Present — Sears, P. J., Crouch, Edgcomb, Thompson and Crosby, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MISAG DER MOVSESIAN, Otherwise Known as MISAG DER MORSESIAN, Appellant.— Judgment of conviction affirmed. All concur. Present — Sears, P. J., Crouch, Taylor, Edgcomb and Crosby, JJ.

JAMES L. CLEMENTS, Respondent, v. ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LIMITED, Appellant.—Appeal dismissed, without costs, as academic in view of the disposition made of the appeal from the judgment, decided herewith. (231 App. Div. 310.) All concur. Present — Sears, P. J., Crouch, Taylor, Edgcomb and Crosby, JJ.

JAMES W. HINE, Suing for Himself and Other Stockholders Similarly Situated, Appellant, v. WILLIAM H. LAUSTERER, as Executor, etc., of WILLIAM J. LAUSTERER, Deceased, and Others, Respondents.— Judgment modified by striking out the amount awarded as additional costs and as modified affirmed, with costs to the respondents. All concur. Present — Sears, P. J., Crouch, Taylor, Edgcomb and Thompson, JJ. [135 Misc. 397.]

JAMES W. HINE, Suing for Himself and Other Stockholders Similarly Situated, Appellant, v. WILLIAM H. LAUSTERER, as Executor, etc., of WILLIAM J. LAUSTERER, Deceased, and Others, Respondents.— Order reversed, with ten dollars costs and disbursements and motion denied, without costs. All concur. Present — Sears, P. J., Crouch, Taylor, Edgcomb and Thompson, JJ. [135 Misc. 655.]

HARRY E. BOUCHER, Respondent, v. THE STATE OF NEW YORK, Appellant. (Claim No. 15919.) — Judgment affirmed, with costs. All concur. Present — Sears, P. J., Crouch, Taylor, Thompson and Crosby, JJ.

JOHN E. TORREY, Respondent, v. THE STATE OF NEW YORK, Appellant. (Claim No. 15920.) — Judgment affirmed, with costs. All concur. Present — Sears, P. J., Crouch, Taylor, Thompson and Crosby, JJ.

KENNETH MICHEL, by MARY MICHEL, His Guardian ad Litem, Respondent, v. THE STATE OF NEW YORK, Appellant. (Claim No. 15921.) — Judgment affirmed, with costs. All concur. Present — Sears, P. J., Crouch, Taylor, Thompson and Crosby, JJ.

LUCY MICHEL O'NEIL, Respondent, v. THE STATE OF NEW YORK, Appellant. (Claim No. 15922.) — Judgment affirmed, with costs. All concur. Present — Sears, P. J., Crouch, Taylor, Thompson and Crosby, JJ.

MONICA SELLINGER BROWN, Respondent, v. THE STATE OF NEW YORK, Appel-